UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA J. CHEEK,

    Plaintiff,

    v.    Case No. 20-C-1181

CORINNA LUNDQUIST, et al.,

    Defendants.

## SCREENING ORDER

On September 11, 2020, I dismissed Plaintiff's complaint and ordered him to file an amended pleading by October 13, 2020. Dkt. No. 5. Plaintiff failed to comply with that order, so I dismissed his case for failing to diligently pursue this action. Dkt. No. 6.

On October 29, 2020, Plaintiff submitted his amended complaint. Dkt. No. 8. He explains his mail was delayed because the house manager where he is living refused to send his legal mail to the court. Dkt. No. 8-1. I will construe Plaintiff's filings as a request to reopen his case, vacate the judgment, and screen the amended complaint.

### SCREENING OF THE AMENDED COMPLAINT

In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff sues Corinna Lundquist, Christine Hockfort, and Brandon Baumruk. Lundquist owns Wisconsin Independent Living, Inc. (WIL), an assisted living facility in Menasha, Wisconsin, where Plaintiff was housed on several occasions. Plaintiff alleges Hockfort is his guardian and works with Oshkosh Family, Inc. He alleges Baumruk is his case manager and works with Lakeland Care, Inc.

Plaintiff's amended complaint, like his original complaint, is repetitive and very difficult to follow, though it is more legible. Plaintiff alleges that he was arrested in November 2019 and placed in the Winnebago County Jail. He left the Jail on February 3, 2020 and was placed into WIL, where he previously had been housed.

Plaintiff alleges that a supervisor at WIL named Riley (he does not know her last name) falsely confined him sometime in 2019. (Riley's alleged false confinement was the subject of another of Plaintiff's cases before the court, 20-C-1203, which I dismissed on September 25, 2020.) Plaintiff alleges that from May to November 2019, he attempted to file a lawsuit against Lundquist and Riley. Lundquist, Hockfort, and Baumruk allegedly told him he had no valid claims and insisted he drop his lawsuit. Plaintiff generally alleges Hockfort and Baumruk conspired to cover up Lundquist's wrongful actions towards Plaintiff, including sexually harassing him, threatening him for filing grievances, assaulting him, and isolating him from others in WIL.

Plaintiff also alleges that Lundquist violated his rights by preventing him from sending legal mail. Plaintiff is proceeding on this First Amendment claim against Lundquist in another of his cases before this court. Case No. 20-C-182, Dkt. No. 7. But Plaintiff insists this claim is different and involves Lundquist's actions in 2020, whereas those in 20-C-182 involve her alleged actions from 2019. Plaintiff reported Lundquist's actions, and she allegedly retaliated by evicting him from WIL on May 22, 2020.

Plaintiff also vaguely asserts that Defendants violated his constitutional and state rights, but he does not describe their actions that be believes were wrongful. He alleges that Defendants slandered and defamed him by taking his words out of context and attempted to intimidate his mother, who Plaintiff alleges is a witness in his lawsuits against Lundquist. Plaintiff further alleges that his probation agent (who is not named as a Defendant) falsely alleged that he threatened Lundquist. Plaintiff seeks damages against all Defendants.

In his cover letter explaining the delay in his filings, Plaintiff seeks to add House Manager Ernie to this case and sue him for tampering with his legal mail, including this amended complaint.

He alleges Ernie is the house manager at Homes for Independent Living in Milwaukee and provides the full address in his cover letter. Dkt. No. 8-1 at 3.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Most of Plaintiff's allegations fail to state a claim because he provides no facts describing any person's actions that infringed his constitutional rights. He merely states that his rights were violated by Defendants. Conclusory allegations without details explaining the purported violation do not state a claim against any Defendant. *See Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555 n.3. I will discuss only those claims for which Plaintiff has provided supporting allegations.

Plaintiff alleges that Lundquist and Ernie prevented him from sending legal mail. As noted, Plaintiff is proceeding on a similar claim in another of his cases, though it is not clear whether Lundquist or Ernie are state employees subject to suit under § 1983. *See Cheek v. Lundquist*, Case 20-C-182, Dkt. No. 7 at 4. Liberally construing Plaintiff's complaint, Plaintiff has stated a violation of his First Amendment rights. *See Kaufman v. McCaughtry*, 419 F.3d 678, 685–86 (7th Cir. 2005) (finding a First Amendment right to send and receive mail). I will add house manager Ernie as a Defendant for purposes of this claim. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555–56 (7th Cir. 1996) (noting that courts are charged with assisting *pro se* litigants who state allegations against individuals not necessarily named in the caption of their complaint).

Also as previously alleged, Plaintiff claims Lundquist retaliated against him for reporting abuse by her and supervisor Riley by evicting him from WIL. To state a claim of retaliation, Plaintiff must allege that "he engaged in a protected activity, he suffered a deprivation likely to prevent future protected activities, and there was a causal connection between the two." *Felton v. Huibregtse*, 525 F. App'x 484, 486 (7th Cir. 2013) (citing *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Plaintiff's allegations, liberally construed, adequately state a First Amendment claim of retaliation against Lundquist.

Plaintiff does not state a claim regarding Defendants' alleged threats and harassment. It is well settled that verbal abuse or harassment do not constitute a constitutional violation. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated in part on different grounds by Savory v. Cannon*, 947 F.3d 409, 423–24 (7th Cir. 2020) (en banc); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987).

Plaintiff attempts to assert a conspiracy claim against Hockfort and Baumruk. To proceed on his conspiracy claim, Plaintiff must show that "(1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015). Put differently, he must "show an underlying constitutional violation" and "demonstrate that the defendants agreed to inflict the constitutional harm." *Hurt v. Wise*, 880 F.3d 831, 842 (7th Cir. 2018). Plaintiff alleges no facts supporting his vague assertion that Hockfort and Baumruk agreed to attempt to cover-up Lundquist's actions. Nor does he explain what actions they took in furtherance of the alleged conspiracy or whether he suffered any constitutional harm. Plaintiff may not proceed on his conspiracy claim against Hockfort and Baumruk.

5

Plaintiff also alleges that Defendants violated a number of Wisconsin state statutes. The court declines to exercise supplemental jurisdiction over any state law claims alleged by Plaintiff that may or may not be sufficiently pleaded. *See* 28 U.S.C. § 1367; *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156 (1997) (noting that pendent jurisdiction is a discretionary choice). Plaintiff may proceed on First Amendment claims that Lundquist and Ernie prevented him from sending legal mail and that Lundquist retaliated against him.

**IT IS THEREFORE ORDERED** that the judgment previously entered in this case, Dkt. No. 7, is **VACATED**, and this case is reopened.

**IT IS FURTHER ORDERED** that House Manager Ernie is **ADDED** as a defendant.

**IT IS FURTHER ORDERED** that Christine Hackfort, Brandon Baumruk, and all other Defendants are **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon defendants Corinna Lundquist and Ernie pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that defendants Corinna Lundquist and Ernie shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that Plaintiff must submit the original document for each filing to the court at the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 6th day of November, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
